UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKESHA HOLLINGSWORTH,<br><br>    Plaintiff,<br><br>  v.<br><br>FLYNN GRP. d/b/a TACO BELL RESTAURANT, BELL AMERICAN GRP., LLC,<br><br>    Defendants. | Case No. 3:24-cv-1245-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. The deadline for selecting a mediator in accordance with § 3.2 of the Court's Mediation Plan has passed. *See* Mandatory Mediation Plan, Admin. Ord. No. 301, § 3.2 (S.D. Ill. Oct. 8, 2021) ("Mediation Plan"). The parties' stipulation selecting a Magistrate Judge to serve as mediator, (Doc. 31), was an invalid stipulation and is hereby **STRICKEN**.

Accordingly, Court Attorney and ADR Coordinator **Megan Arvola** is hereby **APPOINTED** as the **Mediator** in this matter.

Arvola's education, training, and experience guides the Court's decision. She is an attorney and trained mediator. She previously served as a term law clerk to a former district judge in this district for three years and subsequently represented clients in private civil practice for over eight years, before returning to the Court. She has been a member of the bar for over seven years, is competent to perform mediation duties, and has not demonstrated any traits or behaviors that would be contrary to the effective and efficient management of the mediation.

Moreover, Arvola is knowledgeable in federal civil litigation, possesses strong mediation process skills, the temperament to listen effectively, and the ability to facilitate communication

between all participants and across "party" lines. Additionally, Arvola exhibits strong problem-solving skills and the ability to generate meaningful options to assist parties and other participants with settlement negotiations. As she is an employee of the Court, her appointment is without charge to the parties.

**IT IS FURTHER ORDERED** that counsel will participate in the mediation proceedings in accordance with the Mediation Plan. The parties will confer with the Mediator regarding scheduling the mandatory mediation session and additional mediation sessions (if any), bearing in mind the deadlines for completing that session and all future mediation proceedings set forth in the Court's Scheduling Order.

If one or both of the parties believe that the mediator the Court has appointed should be disqualified for conflicts, as detailed in § 4.3(G)(1) of the Mediation Plan, pursuant to § 4.3(G)(2), the party or parties that genuinely believe a "disqualifying conflict exists should first confer with the mediator." Mediation Plan, § 4.3(G)(2). However:

> If the matter is not resolved by, for example, waiver or recusal, a motion and supporting affidavit shall be filed with the Court with the Presiding Judge within 14 days from the Court's Order, stating the facts and the reasons for the belief that a disqualifying conflict, bias, or prejudice exists.

*Id*. If a disqualifying conflict does not manifest until after the fourteen (14) day period to object has elapsed; the party or parties may either waive said disqualifying conflict or move to disqualify the mediator at the earliest opportunity. A motion to disqualify after mediation has commenced—just as a motion to disqualify at the outset—must be supported by an affidavit stating the facts and the reasons for the disqualifying conflict, bias, or prejudice.

**IT IS SO ORDERED.**
**DATED:  September 26, 2024**

                                                      *s/ J. Phil Gilbert*
                                                      **J. PHIL GILBERT**
                                                      **DISTRICT JUDGE**